```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
UNITED STATES OF AMERICA               :
                                       :
              -v-                      :         08cr823 (DLC)
                                       :
FRANKLIN ESTRELLA,                     :            ORDER
                                       :
                   Defendant.          :
                                       :
-------------------------------------- X
```

DENISE COTE, District Judge:

On January 16, 2009, defendant Franklin Estrella pleaded guilty to one count of conspiring to distribute and possess with intent to distribute one or more kilograms of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). In April 2009, Estrella was sentenced principally to a below-guidelines term of 250 months' imprisonment. He is currently serving that sentence at Federal Correctional Institution Danbury ("Danbury"). Estrella is 62 years old and the Bureau of Prisons ("BOP") projects that he will be released in August 2026. He is subject to an Immigration and Customs Enforcement ("ICE") detainer and will be deported to the Dominican Republic once he is released from BOP custody.

Estrella requested compassionate early release from the warden at Danbury on May 7, 2020 due to the COVID-19 pandemic and his medical conditions, including diabetes. Diabetes puts an individual at higher risk for severe illness if one contracts

COVID-19.  See Groups at Higher Risk for Severe Illness, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html#diabetes (last visited June 11, 2020).  The warden denied that request on May 12.

On May 26, Estrella filed an emergency motion to modify or reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) based on his existing health conditions in conjunction with the COVID-19 global health emergency.[1]  On June 8, 2020, the Government submitted its opposition to Estrella's motion.  Estrella filed a reply on June 9.

The Government does not dispute that Estrella has properly exhausted his request or that he has established "extraordinary and compelling reasons" for a modification of sentence. Instead, the Government submits that the 18 U.S.C. § 3553(a) factors militate against release.

Beginning in 1989, the defendant has been arrested repeatedly for possession of illegal drugs, including in significant quantities.  He was sentenced to ten years' imprisonment in 1990 for such a crime.  Following release from prison he was again arrested with large quantities of drugs.  He was sentenced to 18 months' imprisonment and thereafter deported

---

[1] This case was reassigned to this Court on May 28, 2020.

to the Dominican Republic in 1999.  Estrella unlawfully returned, and in 2000 was sentenced in 2003 to a term of imprisonment of three to nine years and deported in 2007 to the Dominican Republic for a second time.  In 2008, Estrella illegally reentered this country again and was again convicted of a serious drug offense, this time in connection with his arranging for the transportation of heroin from California to New York and participation in a conspiracy to distribute over 30 kilograms of heroin.  He entered a plea of guilty to distributing one kilogram or more of heroin and stipulated to a guidelines range of 292 to 365 months' imprisonment in his plea agreement.  The Honorable Harold Baer sentenced Estrella in 2009 to 250 months' imprisonment.  As noted, Estrella is due to complete his sentence in 2026, at which point it is expected that he will be deported for the third time to the Dominican Republic pursuant to an ICE detainer.

In his reply, counsel for Estrella does not dispute that he has a serious criminal record deserving of serious punishment and that he is a recidivist.  He argues, however, that Estrella is at serious risk of becoming infected with COVID-19 at Danbury, which would be very dangerous for him given his diabetes, and that his advanced age of 62 makes it less likely that he will continue to recidivate.

Estrella's petition is granted.  Upon receipt of a properly filed § 3582(c)(1)(A) motion a court may reduce the petitioner's sentence if, after consideration of the § 3553(a) factors, it finds that "extraordinary and compelling reasons" warrant such a reduction.

The following factors support Estrella's request.  Estrella has already served over ten years' imprisonment.  While his criminal record, history of recidivism, and the seriousness of his offense of conviction warranted the far longer sentence that was imposed by Judge Baer, Estrella has already served a not insubstantial time in custody.  In response to the Court's inquiry, the Government has ascertained that ICE intends to honor the detainer lodged against Estrella.

Given the number of inmates who have contracted COVID-19 at Danbury and Estrella's age and medical condition, he has a not insubstantial risk of both becoming infected and having a serious health problem if infected with COVID-19.  See COVID-19 Coronavirus, Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited June 11, 2020).  The parties have not argued that the risk of Estrella becoming infected will be lessened or increased by his deportation to the Dominican Republic.  Nor have they addressed whether his medical care in the Dominican Republic should he become infected is likely to be

either better or worse than what the BOP is able to provide. But, despite these uncertainties, Estrella requests release.  On balance, and giving substantial weight to the length of the time in prison he has already served, his age, and his health condition, the § 3553(a) factors favoring his continued incarceration do not overcome the compelling reasons presented by this petition for his release so long as that release leads to deportation.

Accordingly, it is hereby

ORDERED that the May 27 motion is granted on the conditions set forth below.

IT IS FURTHER ORDERED that the United States Attorney's Office and the BOP shall take all reasonable steps to release Estrella as soon as his health and circumstances permit to ICE custody pursuant to the detainer for removal to the Dominican Republic.

IT IS FURTHER ORDERED that Estrella may be released solely to ICE custody in order for him to be removed to the Dominican Republic.  Should that release and removal not be possible for any reason, then Estrella shall not be released from BOP custody

until the completion of his sentence.

Dated:   New York, New York
         June 11, 2020

                                                          DENISE COTE
                                      United States District Judge